**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4155
_____

GEORGE A. JACKSON,
                                        Appellant
v.

M.D. KEITH IVENS; PRISON HEALTH SERVICES, INCORPORATED;
STANLEY TAYLOR; STATE OF DELAWARE;
CORRECTIONAL MEDICAL SERVICES, INC., Correctional Medical Services, Inc.
and Correctional Medical Services of Delaware, Inc.; CARL C. DANBERG;
JAMES C. WELSH; CORRECTIONAL MEDICAL SERVICES; CORRECTIONAL
MEDICAL SERVICES OF DELAWARE, INC.; WARDEN RICK KEARNEY;
DELAWARE DEPARTMENT OF CORRECTIONS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-01-cv-00559)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2014
Before: CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: April 30, 2014)

_____

OPINION
_____

PER CURIAM

George Jackson appeals the order of the United States District Court for the District of Delaware granting Appellee Correctional Medical Services's (CMS) motion for summary judgment and its order denying his Rule 60(b) motion for relief from summary judgment. For the reasons below, we will affirm the District Court's orders.

The procedural history of this case and the details of Jackson's claims are well known to the parties, set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, Jackson alleged in his counseled eighth amended complaint that CMS was deliberately indifferent to his serious medical need and refused to provide adequate medical care for his sarcoidosis. After discovery, CMS moved for summary judgment, and Jackson filed a counseled response. The District Court granted the motion for summary judgment, and Jackson filed a pro se notice of appeal. Jackson then filed a pro se motion pursuant to Fed. R. Civ. P. 60(b), which the District Court denied. Jackson filed an amended notice of appeal from the denial of the Rule 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291.

Summary Judgment

We review the District Court's order granting summary judgment de novo and review the facts in the light most favorable to the nonmoving party. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 170 (3d Cir. 2011). A grant of summary judgment will be affirmed

2

if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In order to state a claim under the Eighth Amendment for denial of medical care, Jackson needed to show that the Appellee was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (internal citation and quotation omitted).

CMS asserted in its motion for summary judgment that there is no curative treatment for sarcoidosis but that symptoms can be treated with nonsteroidal anti-inflammatory drugs, glucocorticosteroids, antimalarial agents, and immunosuppressant drugs. They noted that Jackson is seen every three months as a chronic care patient and has received tests to monitor his sarcoidosis. Dr. McDonald testified at his deposition that Jackson did not have severe enough symptoms or involvement of any organ that would justify the risk of corticosteroids. He stated that eighty percent of people with sarcoidosis will be fine the rest of their lives. An outside doctor, Dr. Aponte, evaluated Jackson and opined that Jackson had no signs by physical examination or blood work of

3

active sarcoidosis. She suggested that his back pain could be secondary to degenerative joint disease and that he may have mild osteoarthritis of the knees. She recommended an X-ray of his spine and knees. She also agreed with his then-current treatment of Meloxicam and Neurotonin. She also stated that Jackson reported that his shortness of breath went away after he took antibiotics.

In his counseled opposition to summary judgment, Jackson argued that he was never sent to an outside specialist or given necessary diagnostic procedures. He claimed that he had suffered from back pain, breathing difficulties, and skin problems but that no effort was made to determine whether sarcoidosis caused these symptoms. He also asserted that the sarcoidosis progressed to his liver. However, he did not explain what treatment CMS could have provided which would have prevented this. As noted above, Dr. Aponte opined that Jackson's back pain could be caused by degenerative joint disease and noted that his breathing problems went away with antibiotics.

In his brief on appeal, Jackson contends that the District Court improperly assessed the credibility of witnesses in determining that Jackson had pointed to nothing in the record to rebut CMS's argument there was no deliberate indifference to Jackson's serious medical needs. However, Jackson argued that CMS should have sent him for additional *diagnostic* tests; he did not point to any occasion when he did not receive the recommended *treatment* for his symptoms. Because Jackson offered no evidence to

4

dispute CMS's evidence of the adequacy of his medical care, there was no factual dispute or credibility assessment for the District Court to make.

Jackson also argues that the District Court misinterpreted our not-precedential opinion in Heath v. Shannon, 442 F. App'x 712 (3d Cir. 2011). Jackson contends that we held that once a serious medical need is established, no expert testimony is needed to show deliberate indifference. In Heath, the District Court had determined that the prisoner's perforated ulcer was a serious medical need. However, it concluded that the prisoner had failed to provide expert testimony to support his claims that a physician's assistant's (PA) alleged deliberate indifference to his perforated stomach ulcer and the subsequent delay caused any difference in the outcome of his surgery. In our not-precedential opinion, we noted that an expert was not needed to determine that a perforated ulcer was a serious medical need but that there were genuine issues of fact as to whether the prisoner had told the PA of certain troubling symptoms and whether the delay in surgery made a difference in the outcome. We observed that the District Court had not given the prisoner additional time to designate an expert. Our opinion in Heath does not excuse Jackson from supporting his claims with expert evidence. While the parties do not dispute that sarcoidosis is a serious medical issue, the necessary treatment for sarcoidosis is not obvious to a lay person. See Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) ("It is clear that Montgomery himself cannot explain the medical consequences of neglecting to conduct a scheduled cardiac catheterization for a patient

5

with heart disease.  Nor can Montgomery describe the effects upon the body of being denied, for prolonged periods, prescribed heart and HIV medication.  Heart disease and HIV, unlike, for example, broken legs or bullet wounds, do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person.")

Because we agree with the District Court that Jackson has not shown a violation by CMS of his constitutional right to medical care, we need not address whether he needed to show or has shown that the violation was the result of a policy or custom of CMS.  Likewise, we need not determine whether the Memo of Agreement between the United States Department of Justice and the State of Delaware is admissible on that issue.

Rule 60(b) motion

Under Rule 60(b)(3), a court may relieve a party from a final judgment due to fraud, misrepresentation, or misconduct by an opposing party.  Disposition of a motion under Rule 60(b) is within the discretion of the trial court, and the Court of Appeals may review the ruling only for an abuse of that discretion.  Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011).  Jackson argues that he presented evidence of fraud by CMS in his Rule 60(b) motion.  He contends that a doctor concealed relevant medical information from him and CMS's counsel concealed this information to obtain a judgment.  He asserts that the doctor never informed him that sarcoidosis was a possible cause for the findings of a 2006 liver biopsy and that the doctor told him his sarcoidosis was confined to his neck.  Jackson does not explain how this biopsy finding would have influenced the

6

treatment he received for his sarcoidosis or how this caused him any injury. Moreover, the 2006 biopsy was mentioned in Jackson's counseled opposition to summary judgment. Jackson, through his representation by counsel, was aware of the biopsy at the time of the summary judgment motion. Thus, there was no fraud by CMS with respect to the District Court's grant of summary judgment. Jackson argues that the information about the liver biopsy would have influenced his decision to settle with other defendants earlier in the District Court proceedings. However, he expressly stated in his brief on appeal that the settlements he reached with other defendants are not part of the appeal. The District Court did not abuse its discretion in denying Jackson's Rule 60(b) motion.

Motion to file supplemental brief

Jackson has moved for leave to file a supplemental brief. He contends that when he received his medical records from his former counsel, he discovered that an ECG test in 2009 indicated that he had a "Sinus Rhythm Nonspecific T Wave Abnormality." He contends that CMS concealed this information to succeed with its motion for summary judgment. However, Jackson does not explain the meaning or significance of this ECG result or how it supports a determination that he required any additional treatment.

Conclusion

For the above reasons, we will affirm the District Court's orders granting summary judgment and denying Jackson's Rule 60(b) motion. Jackson's motion to file a

supplemental brief is denied.  CMS's motion to file a supplemental appendix is denied as

Jackson included the necessary documents in the appendix attached to his informal brief.